UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
OTIS F. NOBOA,

                 Plaintiff,

       -against-

UNITED STATES OF AMERICA, CORY D.
HARRIS, M.D. and SUNIL B. LULLA, M.D.,

              Defendants.
-----------------------------------------------------------------X

20 Civ_____

**COMPLAINT AND
DEMAND FOR
JURY TRIAL**

Plaintiff, **OTIS F. NOBOA,** by his attorneys, **JAVERBAUM WURGAFT HICKS KAHN WIKSTROM & SININS, P.C.**, as and for his Complaint against the Defendants alleges, upon information and belief, as follows:

## JURISDICTION

1.      That at all times herein after mentioned, Plaintiff, **OTIS F. NOBOA**, resided at 3333 Broadway, Apt D5J, County of New York, State of New York.

2.      The Defendant, United States of America, is a public entity.

3.      That at all times hereinafter mentioned, CORY D. HARRIS, M.D. (hereinafter referred to as "HARRIS"), was and is a physician duly licensed to practice medicine in the State of New York, practicing medicine in the County of the Bronx.

4.      That at all times hereinafter mentioned, Defendant, HARRIS, held himself out to the public as a specialist in the area of urology.

5.      That at all times hereinafter mentioned, SUNIL B. LULLA , M.D. (hereinafter referred to as "LULLA"), was and is a physician duly licensed to practice medicine in the State of New York and is a citizen of the State of New York, practicing medicine in the County of the Bronx.

6.     That at all times hereinafter mentioned, Defendant, LULLA, held himself out to the public as a specialist in the area of emergency room medicine.

7.     That at all times hereinafter mentioned, Defendant, UNITED STATES OF AMERICA, by its agents, servants and employees, controlled, managed and operated the JAMES J. PETERS DEPARTMENT OF VETERAN AFFAIRS MEDICAL CENTER located at 130 West Kingsbridge, Bronx, NY 10459, in the County of the Bronx, State of New York, for the care and treatment of persons afflicted with illness and disease.

8.     That at all times herein mentioned, Defendant, HARRIS, was an agent, servant and/or employee of Defendant, UNITED STATES OF AMERICA

9.     That at all times herein mentioned, Defendant, LULLA, was an agent, servant and/or employee of Defendant, UNITED STATES OF AMERICA.

10.     By passage of the Federal Tort Claims Act, 28 U.S.C. Section 1346(b) and 28 U.S.C. Section 2671-2680, the Defendant, United States of America, consented to be sued in actions sounding in tort and Section 1346(b) of said Act specifically grants the Federal District Courts exclusive jurisdiction over torts allegedly committed by the Defendant, United States of America, its agencies, agents, servants and/or employees.

11.     The jurisdiction of this Court is predicated upon 28 U.S.C. Section 1346(b) and upon 28 U.S.C. Section 1331 in that it arises under the laws of the United States of America.

12.     The amount in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs.

13.     Plaintiff, **OTIS F. NOBOA**, presented his claim to the appropriate federal agency, U.S. Department of Veteran Affairs, Office of the General Counsel, 810 Vermont Avenue, NW, Washington, DC 20420.

2

14.     By letter dated May 26, 2020, the U.S. Department of Veterans Affairs denied the claim.

15.     Pursuant to 28 U.S.C. 2401(b), the Plaintiff has six (6) months from receipt of denial of the administrative claim to file suit in the United States District Court, which would be November 26, 2020.

### AS AND FOR A FIRST CAUSE OF ACTION

16.     That the Plaintiff, **OTIS F. NOBOA**, came under the care of the Defendants, on or about November 11, 2015 with complaints of hematuria.

17.     That the Plaintiff, **OTIS F. NOBOA**, returned to the JAMES J. PETERS DEPARTMENT OF VETERAN AFFAIRS MEDICAL CENTER located in the County of the Bronx, State of New York with complaints of recurrent hematuria on or about January 6, 2016.

18.     That the Plaintiff, **OTIS F. NOBOA**, returned to the JAMES J. PETERS DEPARTMENT OF VETERAN AFFAIRS MEDICAL CENTER located in the County of the Bronx, State of New York with complaints of recurrent hematuria on or about April 21, 2016.

19.     That the Plaintiff, **OTIS F. NOBOA**, returned to the JAMES J. PETERS DEPARTMENT OF VETERAN AFFAIRS MEDICAL CENTER located in the County of the Bronx, State of New York on June 23, 2016 for a urology consult.

20.     That the Plaintiff, OTIS F. NOBOA was seen by Defendant HARRIS on or about June 23, 2016 for complaints of gross hematuria.

21.     That Defendant HARRIS did not perform a cystoscopy on the Plaintiff, **OTIS F. NOBOA**.

22.     That Defendant HARRIS failed to properly assess and investigate the cause of the Plaintiff's gross hematuria.

3

23.     That Defendant HARRIS failed to order and/or recommend any follow up testing to further assess and evaluate the cause for the Plaintiff **OTIS F. NOBOA's** recurrent hematuria.

24.     That the Plaintiff, **OTIS F. NOBOA**, returned to the JAMES J. PETERS DEPARTMENT OF VETERAN AFFAIRS MEDICAL CENTER located in the County of the Bronx, State of New York on or about August 15, 2016 with complaints of diarrhea.

25.     That urinalysis performed in the emergency department at the JAMES J. PETERS DEPARTMENT OF VETERAN AFFAIRS MEDICAL CENTER located in the County of the Bronx, State of New York on August 15, 2016 showed elevated red blood cells in the Plaintiff's urine.

26.     That the Plaintiff, OTIS F. NOBOA was evaluated in the emergency department at the JAMES J. PETERS DEPARTMENT OF VETERAN AFFAIRS MEDICAL CENTER located in the County of the Bronx, State of New York on August 15, 2016 by Defendant LULLA.

27.     That on or about August 15, 2016 Defendant LULLA failed to take any action to further evaluate the Plaintiff **OTIS F. NOBOA's** abnormal urinalysis results.

28.     That on or about August 15, 2016 Defendant LULLA failed to recognize the significance of, and consequently failed to adress the Plaintiff's abnormal urinalysis.

29.     That the Plaintiff, **OTIS F. NOBOA**, returned to the JAMES J. PETERS DEPARTMENT OF VETERAN AFFAIRS MEDICAL CENTER located in the County of the Bronx, State of New York with complaints of recurrent hematuria on or about August 9, 2017.

30.     That the Plaintiff was evaluated in the emergency room on August 9, 2017 by Defendant LULLA.

31.     That Defendant LULLA diagnosed the Plaintiff, **OTIS F. NOBOA** with a urinary tract infection for which he prescribed Levaquin.

32.     That Defendant LULLA did not refer the Plaintiff for a urology consult.

33.     That Defendant LULLA did not order any radiological testing to evaluate the Plaintiff, OTIS F. NOBOA's recurrent hematuria.

34.     That Defendant LULLA did not refer the Plaintiff, **OTIS F. NOBOA** for a cystoscopy to further evaluate his recurrent hematuria.

35.     That the Plaintiff, **OTIS F. NOBOA**, returned to the JAMES J. PETERS DEPARTMENT OF VETERANS AFFAIRS MEDICAL CENTER located in the County of the Bronx, State of New York with complaints of recurrent hematuria on or about August 16, 2018.

36.     That the Plaintiff, **OTIS F. NOBOA** had a CT Scan of the abdomen and pelvis at the JAMES J. PETERS DEPARTMENT OF VETERANS AFFAIRS MEDICAL CENTER located in the County of the Bronx, State of New York on or about September 18, 2018, which revealed a large bladder mass.

37.     That the Plaintiff, **OTIS F. NOBOA**, continued to receive care from each of these Defendants until approximately September 19, 2018.

38.     That recurrent hematuria in an adult male is a sign and symptom of bladder cancer.

39.     That at all times herein mentioned, the Defendants had a duty to use reasonable and proper care in their efforts to care for, treat and medicate said Plaintiff.

40.     That the Defendants, in rendering services to the Plaintiff, owed him the duty to use the degree of care, skill and diligence used by facilities generally in the community, and specifically facilities rendering urologic, primary and emergency room care.

41.    That the Defendant, HARRIS, owed the Plaintiff the duty to use the degree of care, skill and diligence used by urologists generally in the community.

42.    That the Defendant, LULLA, owed the Plaintiff the duty to use the degree of care, skill and diligence used by emergency room physicians generally in the community.

43.    That the Defendants, jointly and severally, acting by themselves and through their agents, failed to use due, reasonable and proper care in treating the Plaintiff and deviated from accepted standards of medical care prevailing in the area of primary care, urology and emergency room care, and the Defendants failed to exercise the knowledge, skill and diligence, which as physicians and nurses they should have possessed and exercised on behalf of the Plaintiff, and were otherwise careless and negligent.

44.    That the Defendant, the United States of America, by and through its servants, agents and employees failed to use due, reasonable and proper care in treating the Plaintiff and deviated from the accepted standards of medical practice followed by hospitals in the community treating the conditions from which the Plaintiff was suffering.

45.    That as a result of the foregoing, the Plaintiff, **OTIS F. NOBOA's** bladder cancer was not timely diagnosed.

46.    That as a result of the foregoing, the Plaintiff, **OTIS F. NOBOA**, has been caused to develop a large, urothelial bladder cancer with extensive invasion beyond the bladder wall into the adjacent organs.

47.    That as a result of the foregoing, the Plaintiff, **OTIS F. NOBOA**, has sustained serious, severe and irreversible personal injuries, pain and suffering, lost earnings and loss of enjoyment of life and will continue to suffer the same injuries and damages in the future.

48.     That solely as a result of the aforesaid injuries due to the improper care and treatment on the part of the Defendants, the Plaintiff, **OTIS F. NOBOA**, has been subjected to repeated medical therapy, examinations, tests, medications, hospitalizations, and other care.

49.     That the Plaintiff, **OTIS F. NOBOA**, has sustained the injuries and damages set forth solely by reason of the carelessness, negligence and lack of skill of the Defendants, without any negligence or carelessness on the part of Plaintiff, **OTIS F. NOBOA**.

50.     That due to the Defendants' negligent conduct, the Plaintiff, **OTIS F. NOBOA**, has been damaged in the sum of TWENTY MILLION ($20,000,000.00) DOLLARS.

## AS AND FOR A SECOND CAUSE OF ACTION

51.     Plaintiff, **OTIS F. NOBOA,** repeats and realleges each and every allegation contained in Paragraphs numbered **"1"** through **"50"**, inclusive, of this Verified Complaint, with the same force and effect as if set forth herein at length.

52.     The Defendants were under a duty and obligation to advise and inform the Plaintiff, **OTIS F. NOBOA,** of the inherent dangers, risks, and consequences of the medical treatment and procedures recommended by the Defendants, and that the Defendants failed, neglected, and/or refused to advise, inform, notify the Plaintiff, **OTIS F. NOBOA,** of the apparent risk and possible complications and dangers which might result in the aforesaid procedures and/or treatment recommended.

53.     Defendants failed, neglected, and/or refused to inform, advise, notify, and counsel the Plaintiff, **OTIS F. NOBOA,** of the possible inherent dangers and risks of said procedures and treatment recommended and performed, and failed to advise and inform the Plaintiff, **OTIS F. NOBOA,** of any other method of treatment which might have been used to alleviate the condition from which the Plaintiff, **OTIS F. NOBOA,** was suffering.

54.    Said failure to advise, inform, notify, and counsel the Plaintiff, **OTIS F. NOBOA,** did not afford her adequate knowledge and information so as to determine whether or not she should submit to the aforesaid treatment and, therefore, the Plaintiff, **OTIS F. NOBOA,** did not give her informed consent, based upon adequate knowledge of the risks and dangers of the procedures; rather, consented based upon information which was inadequate and insufficient upon which to base a decision to submit to the said procedure.

55.    By reason of the aforesaid, the treatment given herein was not based upon adequate and sufficient knowledge or informed consent.

56.    Plaintiff, **OTIS F. NOBOA,** has sustained the injuries and damages, as set forth, solely by reason of the carelessness, negligence, and unskillfulness of the Defendants, and each of them, without negligence or carelessness on his part contributing thereto.

57.    That due to the Defendants' negligent conduct, the Plaintiff, **OTIS F. NOBOA,** has been damaged in the sum of TWENTY MILLION ($20,000,000.00) DOLLARS.

**WHEREFORE,** the Plaintiff, **OTIS F. NOBOA,**  demands judgment against the Defendants on the FIRST CAUSE OF ACTION in the sum of TWENTY MILLION ($20,000,000.00) DOLLARS, on the SECOND CAUSE OF ACTION in the sum of TWENTY MILLION ($20,000,000.00) DOLLARS, together with costs, interest and disbursements of this action, and for such other and further relief that this Court deems just and proper.

Dated: New York, New York
        August 20, 2020

JAVERBAUM WURGAFT HICKS KAHN
WIKSTROM & SININS, P.C.
Attorneys for Plaintiff

By: _____

CHRISTINA CTORIDES
A Member of the Firm
Office Address
589 8th Avenue, 21st Floor
New York, NY  10018
(212) 596-7656

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
OTIS F. NOBOA,

                        Plaintiff,

        -against-

UNITED STATES OF AMERICA, CORY D.
HARRIS, M.D. and SUNIL B. LULLA, M.D.

                      Defendants.
------------------------------------------------------------------X

20 Civ_____

**JURY DEMAND**

**JURY DEMAND**

    **PLEASE TAKE NOTICE** that the Plaintiff demands a trial by jury on all the issues herein.

Dated: New York, New York
       August 20, 2020

                    **JAVERBAUM WURGAFT HICKS KAHN
WIKSTROM & SININS, P.C.**
                    Attorneys for Plaintiff

By:                       
                    CHRISTINA CTORIDES
                    A Member of the Firm
                    Office Address
                    589 8th Avenue, 21st Floor
                    New York, NY  10018
                    (212) 596-7656

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
OTIS F. NOBOA,

                           Plaintiff,

               -against-

UNITED STATES OF AMERICA, CORY D.
HARRIS, M.D. and SUNIL B. LULLA, M.D.

                        Defendants.
-------------------------------------------------------------------X

20 Civ_____

**CERTIFICATE**
**OF MERIT**

      **CHRISTINA CTORIDES,** a member of the law firm of **JAVERBAUM WURGAFT HICKS KAHN WIKSTROM & SININS, P.C.** hereby affirms the truth of the following:

      That pursuant to the Rules of Civil Procedure §3012(a), the deponent states that she has conferred with a physician who is a specialist in the field in which the Defendants practice medicine and has been advised that sufficient basis exist for the commencement of this medical malpractice suit.

Dated: New York, New York
       August 20, 2020

                                   CHRISTINA CTORIDES

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
OTIS F. NOBOA,

                        Plaintiff,

            -against-

UNITED STATES OF AMERICA, CORY D.
HARRIS, M.D. and SUNIL B. LULLA, M.D.

                      Defendants.
------------------------------------------------------------------X

20 Civ_____

**VERIFICATION**

STATE OF NEW YORK
               ss:
COUNTY OF NEW YORK

      OTIS F. NOBOA, being duly sworn deposes and says:

      The deponent is the plaintiff in the within action; the deponent has read the foregoing

Verified Complaint and knows the contents thereof; that the same is true except for as to those

matters therein stated to be upon information and belief, and as to those matters, deponent

believes them to be true.

                                          OTIS F. NOBOA

Sworn to before me this
21st day of August 2020

Notary Public

Christina Ctorides
Notary Public, State of New York
No. 02CT5032748
Qualified in New York County
Commission Expires 12 31 2022

12